

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2008

# Huertas v. City of Camden

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2042

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Huertas v. City of Camden" (2008). *2008 Decisions.* Paper 406.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/406

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-301                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2042
_____

HECTOR L. HUERTAS,
Appellant

v.

CITY OF CAMDEN; MELVIN R. PRIMAS, City of Camden C.E.O.; GWENDOLYN
FAISON, Mayor; MORTON BONAPARTE, Business Administrator; FLAX, MR., Dep't
of Revenue Supervisor; DIANE HOOD, City Tax Collector; JOHN DOE, Police Officer
One Badge #1130; JOHN DOE, Commanding Officer Two; CHERYL CAMPBELL,
Police Officer Badge #1196; JOHN DOE, Police Officer Three; JOHN DOE,
Commanding Officer Four; M. ZAYAS, Police Officer Five Badge #1222;
WOODWARD, Detective; JOHN DOE, Police Chief; TYRONE JOHNSON, Burglary
Detective; MARCEL, Criminal Suspect, B. SEWELL, N.J. Transit Bus Driver; 7
ELEVEN INC., 75-1085131 (FEIN); JOHN DOE1, 7-Eleven Store Owner; JOHN DOE2,
7-Eleven Employee One; JOHN DOE3, 7-Eleven Employee Two; JOHN DOE4, 7-
Eleven Employee Three; MR. MUNOZ, City of Camden Public Works Supervisor;
JAMES W. FAISON III, Camden City Municipal Judge; JOHN DOE 1-4

_____

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. Civ. No. 03-cv-04025)
District Judge:  Honorable Renee M. Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 25, 2008
Before: SLOVITER, FISHER and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 6, 2008)

PER CURIAM

Hector Huertas, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey denying his motion and amended motion for judgment on the pleadings and declining to exercise supplemental jurisdiction over the remaining state law claims. We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

In 2003, Huertas filed a civil rights action against numerous defendants, including the City of Camden, several police officers, 7-Eleven, Inc., and 7-Eleven employees. Huertas's claims stemmed from various encounters with the Camden police and Camden employees, and an altercation at a 7-Eleven store with defendant B. Sewell. Huertas filed an amended complaint in 2006. In April 2007, the District Court entered an order dismissing the action based upon a settlement agreement between Huertas and the defendants. Huertas appealed, and we dismissed his appeal for lack of jurisdiction because his claims against Sewell remained pending.

Huertas then filed a motion and amended motion for judgment on the pleadings as to Sewell, the City of Camden, and "Police Officer 3." Huertas asserted that Sewell had not denied certain allegations in his complaint, and that Police Officer 3 had yet to be identified and thus was not covered by the settlement. The District Court reopened the

file for the purpose of deciding these motions.

The District Court denied Huertas's request for a judgment against the City of Camden and Police Officer 3, explaining that Huertas had settled his claims with the City and all employees of the Camden City Police Department. The District Court dismissed Huertas's claims against Sewell without prejudice. The District Court found that Huertas had only raised state law claims against Sewell, and the Court declined to exercise supplemental jurisdiction over those claims. This appeal followed.

As noted by the District Court, the Release executed by the parties reflects that Huertas released all claims against the City of Camden and employees of the City of Camden Police Department resulting from the occurrences listed in his complaint. Thus, the District Court did not err in denying Huertas's motion for a judgment against the City of Camden and Police Officer 3.

The District Court also did not err in declining to exercise supplemental jurisdiction over Huertas's remaining state law claims against Sewell. Where the claim over which the District Court had original jurisdiction is dismissed before trial, the District Court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so. Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000). Huertas appears to argue that the statute of limitations has run on these claims. The state claims, however, were not time-barred at the time the District Court dismissed them. See id.

3

(noting that, under 28 U.S.C. § 1367(d), the statute of limitations is tolled for 30 days after the district court's dismissal). In addition, to the extent Huertas contends that he asserted a federal claim against Sewell for racially-based harassment, <u>see</u> Am. Motion for Judgment at 2, his allegations describing his altercation with Sewell in a convenience store do not raise a federal claim.

Finally, Huertas asserts that 7-Eleven, Inc., which was not a party to the settlement, conspired with the City of Camden Police Department in concealing evidence and facts regarding his dispute with Sewell. For the reasons stated in its opinion dated June 30, 2004, the District Court did not err in granting 7-Eleven, Inc.'s motion to dismiss Huertas's claims based on these allegations. We also note that Huertas's amended complaint avers no facts supporting an alleged conspiracy.

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).